UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EMMANUEL OBIAGWU,<br><br>                                Plaintiff,<br><br>               -against-<br><br>STATE OF NEW YORK, et al.,<br><br>                              Defendants. | 25-CV-8510 (JAV)<br><br>ORDER OF SERVICE |

JEANNETTE A. VARGAS, United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action under 42 U.S.C. § 1983, for alleged violations of his rights under the First, Fourth, and Fourteenth Amendments. He also asserts claims for conspiracy to violate his civil rights, in violation of 42 U.S.C. § 1985, and claims under the Freedom of Information Act ("FOIA"), as well as state law claims. By order dated October 20, 2025, the court granted Plaintiff's request to proceed *in forma pauperis* (IFP), that is, without prepayment of fees.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

## DISCUSSION

### A. State of New York

"[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009). "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id.*

New York has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the states' immunity in enacting 42 U.S.C. §§ 1983 or 1985. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977) (Section 1983); *Jones v. Nat'l Comm'cn & Surveillance Networks*, 409 F. Supp. 2d 456, 467 (S.D.N.Y. 2006) ("Sections 1981 to 1986 of Title 42 . . . do not constitute a congressional waiver of state immunity."), *aff'd*, 266 F. App'x 31 (2d Cir. 2008) (summary order). Plaintiff's Section 1983 and 1985 claims against the State of New York are therefore barred by the Eleventh Amendment and are dismissed.

### B. Freedom of Information Act

Plaintiff alleges that he has been wrongfully denied access to records and body camera footage. He asserts claims under the FOIA, 5 U.S.C. § 555, against the State of New York, the Metropolitan Transportation Authority (MTA), and MTA Police Department (MTAPD). A proper

defendant in a FOIA action is the federal agency responsible for the retention of the requested documents. *See Main St. Legal Servs., Inc. v. Nat'l Sec. Council*, 811 F.3d 542, 546 (2d Cir. 2016) ("[T]he FOIA applies only to federal agencies."). The MTA is a public benefit corporation created by state law, N.Y. Pub. Auth. Law §§ 1263(1)(a), 1265(1). As such, neither the MTA not the MTAPD is a federal agency subject to the FOIA. Accordingly, because the State of New York, the MTA, and the MTAPD are not federal agencies, Plaintiff's FOIA claims must be dismissed.

**C.     Service on MTA, MTAPD, and MTAPD Officers**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to assistance from the Court and the U.S. Marshals Service to effect service.[1] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on Defendants through the U.S. Marshals Service, the Clerk of Court is instructed to fill out U.S. Marshals Service Process Receipt and Return forms (USM-285 form) for the following Defendants: the MTA; MTA Police Department; and MTA Police Department Officers Bradshaw (#492), Galligan (#3060), Tapia (#3319), Demczuk (#2529), Moretti (#3157), Martinez (#3295), Ragione (#29579), Decker (#2638), Culver (# 3310), Smahaj (#3451), Ajbury, Ryan (#3449), Gardowski (#538), and Propisnoy. The Clerk

---

[1]Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have effected service until the Court reviewed the complaint and ordered that any summonses be issued. The Court therefore extends the time to serve until 90 days after the date any summonses issue.

of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendants.

If the complaint is not served within 90 days after the date summonses are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Court dismisses Plaintiff's claims against the State of New York and dismisses his claims under the Freedom of Information Act. *See* 28 U.S.C. § 1915(e)(2)(B)(ii), (iii).

The Clerk of Court is instructed to issue summonses, complete the USM-285 forms with addresses, and deliver to the U.S. Marshals Service all documents necessary to effect service on Defendants: MTA, MTA Police Department, and MTA Police Department Officers Bradshaw (#492), Galligan (#3060), Tapia (#3319), Demczuk (#2529), Moretti (#3157), Martinez (#3295), Ragione (#29579), Decker (#2638), Culver (# 3310), Smahaj (#3451), Ajbury, Ryan (#3449), Gardowski (#538), and Propisnoy. The Clerk of Court is further directed to mail an information package to Plaintiff.

SO ORDERED.

Dated:  October 31, 2025
        New York, New York

_____
JEANNETTE A. VARGAS
United States District Judge

**SERVICE ADDRESS FOR EACH DEFENDANT**

1. Metropolitan Transportation Authority
   2 Broadway
   New York, NY 10004

2. MTA Police Department
   1 Pennsylvania Plaza
   New York, NY 10001

3. MTAPD Officer Bradshaw (#492)
   MTA Police Department
   1 Pennsylvania Plaza
   New York, NY 10001

4. MTAPD Officer Galligan (#3060)
   MTA Police Department
   1 Pennsylvania Plaza
   New York, NY 10001

5. MTAPD Officer Tapia (#3319)
   MTA Police Department
   1 Pennsylvania Plaza
   New York, NY 10001

6. MTAPD Officer Demczuk (#2529)
   MTA Police Department
   1 Pennsylvania Plaza
   New York, NY 10001

7. MTAPD Officer Moretti (#3157)
   MTA Police Department
   1 Pennsylvania Plaza
   New York, NY 10001

8. MTAPD Lieutenant Martinez (#3295)
   MTA Police Department
   1 Pennsylvania Plaza
   New York, NY 10001

9. MTAPD Officer Ragione (#29579)
   MTA Police Department
   1 Pennsylvania Plaza
   New York, NY 10001

10. MTAPD Officer Decker (#2638)
    MTA Police Department

       1 Pennsylvania Plaza
       New York, NY 10001

11.    MTAPD Officer Culver (# 3310)
       MTAPD Officer MTA Police Department
       1 Pennsylvania Plaza
       New York, NY 10001

12.    MTAPD Officer Smahaj (#3451)
       MTA Police Department
       1 Pennsylvania Plaza
       New York, NY 10001

13.    MTAPD Officer Ajbury
       MTA Police Department
       1 Pennsylvania Plaza
       New York, NY 10001

14.    MTAPD Officer Ryan (#3449)
       MTA Police Department
       1 Pennsylvania Plaza
       New York, NY 10001

15.    MTAPD Officer Gardowski (#538)
       MTA Police Department
       1 Pennsylvania Plaza
       New York, NY 10001

16.    MTAPD Captain Propisnoy
       MTA Police Department
       1 Pennsylvania Plaza
       New York, NY 10001