UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EMMANUEL OBIAGWU,<br><br>Plaintiff,<br><br>-v-<br><br>STATE OF NEW YORK, et al.,<br><br>Defendants. | 25-CV-08510 (JAV)<br><br>ORDER |

JEANNETTE A. VARGAS, United States District Judge:

Plaintiff Emmanuel Obiagwu ("Plaintiff"), who is proceeding *pro se* in this matter, commenced this action on October 13, 2025. ECF No. 1. On March 11, 2026, the Court ordered the parties to appear for an initial pretrial conference with the Court on June 16, 2026, at 11:00 AM in Courtroom 11B, 500 Pearl Street, New York, NY 10007. ECF No. 33. On June 16, 2026, Plaintiff failed to appear for the initial pretrial conference.

On July 20, 2026, the parties appeared before the Court for the rescheduled initial pretrial conference. ECF No. 56. At that conference, and by written order following the conference, the Court ordered Plaintiff to produce his initial disclosures to Defendants by August 3, 2026. *Id.*

On August 18, 2026, Defendants filed a letter requesting a conference to address Plaintiff's failure to produce his initial disclosures to Defendants as required by the Court's July 20, 2026 order. ECF No. 61. The Court subsequently ordered the parties to appear for a conference on September 1, 2026, at 12:00 PM in in Courtroom 11B, 500 Pearl Street, New York, NY 10007. ECF No. 62. On September 1, 2026, defense counsel appeared for the conference at 12:00 PM, but Plaintiff was not present. As stated on the record, the Court delayed commencement of the conference for 25 minutes to provide Plaintiff an opportunity to appear, but Plaintiff failed to do so.

Counsel for Defendants represented that certain of Plaintiff's initial disclosures were still outstanding and that Plaintiff had yet to provide a settlement demand by August 31, 2026, as required by the Magistrate Judge's order regarding settlement conference procedures. ECF No. 58.

Defendants later filed a later stating that Plaintiff had not substantively responded to their discovery demands. ECF No. 61.

On September 2, 2026, the Court entered an Order to Show Cause. ECF No. 64. Plaintiff was ordered to produce to Defendants all initial disclosures required by Rule 26(a)(1)(A) by September 9, 2026 and, in light of Plaintiff's continued failure to comply with court orders, to appear at a show cause hearing on October 28, 2026, at 2:30 PM in Courtroom 11B, 500 Pearl Street, New York, NY 10007. *Id.* Plaintiff was informed that he would be required to show cause why he should not be subject to sanctions or a finding of contempt pursuant to Federal Rules of Civil Procedure 16(f) or 37(b), including the imposition of attorney's fees, dismissal of the action, or such other sanction as the Court determines is appropriate, and why this case should not be dismissed for abandonment or failure to prosecute pursuant to Federal Rule of Civil Procedure 41.

On September 18, 2026, Plaintiff filed the Response to the Order to Show Cause that is at issue here. ECF No. 65. In his letter, Plaintiff states that he misunderstood the time of the June 16 initial conference and that technical issues with his cellphone prevented him from meeting the initial August 3 deadline for initial disclosures. *Id.* at 2. Plaintiff also states that he communicated via email with Defendants regarding how to submit the initial disclosures and ultimately sent Defendants a thumb drive on August 12, which Defendants acknowledged receiving on August 24. *Id.* Plaintiff does not explain why he missed the September 1 status conference except to note that he was "involuntary[il]y hospitalized for three days" at an unspecified time and then later "re-hospitalized." ECF 65 at 3, 4.

At the Order to Show Cause hearing held on October 28, 2026, Plaintiff represented that he

had no initial disclosures to provide to Defendants pursuant to Rule 26(a). He further demonstrated to the Court's satisfaction that he is actively participating in this case and has provided Defendants with substantive responses to their discovery demands or otherwise objected on non-frivolous grounds.

Under Rule 41(b) of the Federal Rules of Civil Procedure, the Court may dismiss a case if a plaintiff "fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b). The Second Circuit has recognized that dismissal under 41(b) is a "harsh remedy to be utilized only in extreme situations" and that pro se plaintiffs in particular "should be granted special leniency regarding procedural matters." *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (cleaned up). Nevertheless, "even pro se litigants must prosecute claims diligently, and dismissal with prejudice is warranted where the Court gives warning." *Jacobs v. County of Westchester*, No. 99-CV-4976, 2008 WL 199469, at *3 (S.D.N.Y. Jan. 22, 2008). The decision to dismiss under 41(b) is ultimately "subject to the sound discretion of the district courts." *Phillips v. White Plains Hosp.*, No. 23-CV-11326 (KMK), 2025 WL 1745850, at *1 (S.D.N.Y. June 24, 2025). The Court considers:

> (1) the duration of the plaintiff's failures, (2) whether plaintiff had received notice that further delays would result in dismissal, (3) whether the defendant is likely to be prejudiced by further delay, (4) whether the district judge has take[n] care to strik[e] the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard . . . and (5) whether the judge has adequately assessed the efficacy of lesser sanctions.

*Tomassi v. Suffolk Cnty.*, No. 19-CV-2537, 2020 WL 5633069, at *1 (E.D.N.Y. Sept. 21, 2020).

Here, Plaintiff has missed two status conferences and failed to comply with a deadline for initial disclosures over a period of three months. Plaintiff has now been warned of the possibility of dismissal for these failures in the Order to Show Cause. *See* ECF No. 64 at 2. Considering Plaintiff's timely Response and apparently continuing efforts to supply the required disclosures, *see*

ECF No. 65 Ex. D, E, F & G, Defendants are not likely to be prejudiced by continuing this action. The Court finds that dismissal under Rule 41(b) is not warranted at this time. Rule 41(b) dismissals commonly follow complete nonparticipation or more prolonged noncompliance by plaintiffs. *See, e.g.*, *Early v. Little Flower Child. & Fam. Serv. of New York*, No. 2:23-CV-2531 (NJC) (JMW), 2025 WL 307138, at *1 (E.D.N.Y. Jan. 27, 2025) (dismissal under 41(b) for failure to communicate with the court at all for four months); *Cutting v. Riveles Wahab LLP*, No. 23-CV-6040, 2024 WL 3833890, at *2 (S.D.N.Y. Aug. 14, 2024) (same for three months); *Jankowski v. Eric M. Taylor Ctr.*, No. 14-CV-7434 AJN, 2015 WL 3939186, at *3 (S.D.N.Y. June 25, 2015) (same for failure to comply with one order for three months and another for eight months). However, Plaintiff is on notice that additional violations seriously risk dismissal under Rule 41(b).

A district court also "has wide discretion to impose sanctions, including severe sanctions, under [Rule] 37." *Design Strategy, Inc. v. Davis*, 469 F.3d 284, 294 (2d Cir. 2006). Pursuant to Rule 37, if a party fails to obey an order to provide or permit discovery, the Court may issue an order, *inter alia*, rendering a default judgment against the disobedient party or treating the failure to obey as contempt of court. *See* Fed. R. Civ. P. 37(b)(2)(A). In addition, the Court must order the disobedient party or the attorney advising the party or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust. *See* Fed. R. Civ. P. 37(b)(2)(A).

Accordingly, the Court finds that sanctions are not warranted, as circumstances would make an award of expenses unjust.

Plaintiff is, however, ordered to provide HIPAA authorizations for the hospitals at which he was treated within 7 days after Defendants identify where in the produced discovery those hospital names can be found. Additionally, Plaintiff must provide a response to Interrogatory No. 7 within 30 days of the date of this Order, in which he itemizes each category of claimed damages, loss, and

expense that he is seeking to recover in this action, including but not limited to any hospital or medical expenses.

SO ORDERED.

Dated: October 28, 2026
New York, New York

JEANNETTE A. VARGAS
United States District Judge